UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL OSWALDO US TOJIN,

Petitioner,

Case No. 2:26-cv-2972-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.
______________________________/

**ORDER**

Petitioner Manuel Oswaldo Us Tojin is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing on March 18, 2026, and September 23, 2026. (Docs. 5-1, 5-2.) He now claims that his detention violates the Fourth and Fifth Amendments. (Doc. 1.)[1] The Government opposes the petition. (Doc. 5.)

The Court does not have jurisdiction to overturn the immigration judge's bond decisions. *See* 8 U.S.C. § 1226(e). Tojin has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

bond hearing, which is primarily what Tojin asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Tojin shown any constitutional deficiency with the bond hearing beyond mere speculation. (Docs. 5-1, 5-2.)

To the extent Tojin raises a Fifth Amendment challenge to the length of his detention, he has not been detained long enough. Tojin's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Tojin "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.* And his removal order is otherwise on appeal.

Tojin also argues that he was not provided process before his re-detention, but he offers no argument as to how that process was deficient. Tojin summarily states that the process was deficient, which is insufficient, and the Court will not do the work for him. *See United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) ("[W]e rely on the parties to frame the issues

for decision and assign to courts the role of neutral arbiter of matters the parties present.”).

Finally, the Court does not consider Tojin’s Fourth Amendment claim regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee’s claims that police “illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him”); *see also Alvarez v. U.S. Immigr. & Customs Enf’t*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Because Tojin has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 10, 2026.

Kyle C. Dudek
United States District Judge